UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL UTAH,

       Plaintiff,

-against-

BARNES AND NOBLE; ALL HOSPITALS,

       Defendants.

19-CV-10734 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action asserting claims that arose between 2012 and 2019, in Pennsylvania and New York. By order dated November 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Paul Utah states that the events giving rise to his claims took place in "all of [the] state of PA continued to the state of New York" between January 1, 2012 and November 18, 2019. He makes the following allegations:

> Humiliation, Illegal investigations, Targeting from Humans and Law enforcements, Affecting Dating life, Affect Sex life, Affecting my friendships, Mental Anguish, Spreading Rumors, Civil Rights Violations, Human Right Violations, False Claims, Making Me Angry, Profiling me, Racial Profiling,
>
> Eye of Humans on me . . . . Kicked me out because I was calling lawyers. Use of Hospitals, illegal diagnosis. Mental health employees were called. Nurses were called there. using their children for intimidation and investigations.

(Compl. at 5.) Plaintiff filed several other actions on or around the same day that he filed this action, naming different defendants but making similar allegations. *See Utah v. MTA Cooperation et al.*, ECF 1:19-CV-10671, 1 (S.D.N.Y. filed Nov. 18, 2019); *Utah v. Starbucks Corp.*, ECF 1:19-CV-10733, 2 (S.D.N.Y. filed Nov. 19, 2019); *Utah v. TD Bank*, ECF 1:19-CV-10735, 2 (S.D.N.Y. Nov. 19, 2019).

DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that further vexatious or frivolous litigation in this Court will result in an order barring Plaintiff from filing new civil actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 27, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge